ROBERT A. WEIKERT, CA BAR NO. 121146
PATRICK M. RYAN, CA BAR NO. 203215
CHAD DEVEAUX, CA BAR NO. 215482
EVA CHAN, CA BAR NO. 233289
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

Attorneys for Defendant ROBERT KEMP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SWORDS TO PLOWSHARES,

Plaintiff,

v.

ROBERT KEMP,

Defendant.

Case No.: 3:05-cv-01661-MJJ

**DEFENDANT ROBERT KEMP'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**FRCP 12(c)**

| | |
|---|---|
| Date: | Oct. 11, 2005 |
| Time: | 9:30 a.m. |
| Place: | Courtroom 11, 19th Floor |
| Judge: | Hon. Martin J. Jenkins |

| | |
|---|---|
| Comp. Filed: | April 1, 2005 |
| Comp. Removed: | April 21, 2005 |
| Trial Date: | Nov. 28, 2005 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF MOTION ..... 1

II. MR. KEMP'S MOTION SHOULD BE GRANTED ..... 2

A. LANDLORD'S NOTICE FELL FAR SHORT OF THE SPECIFICITY REQUIRED BY FEDERAL LAW ..... 2

1. Federal Law Requires a Notice to Quit Specifically State the "Time, Date, Location and Person Upon which [Alleged] Violation[s] Occurred" ..... 2

2. Landlord's Notice to Quit Failed to State the Requisite "Time, Date, Location and Person Upon which [Alleged] Violation[s] Occurred" ..... 3

3. Because Landlord's Notice Was Deficient, Its Complaint Should Be Dismissed with Prejudice ..... 4

B. DISMISSAL IS REQUIRED BECAUSE LANDLORD FAILED TO SERVE NOTICE IN THE MANNER REQUIRED BY FEDERAL LAW ..... 4

III. CONCLUSION ..... 5

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL DECISIONS**

*Edgecomb v. Housing Auth. of the Town of Vernon*, 824 F. Supp. 312 (D. Conn. 1993) .......... 3

*Goldberg v. Kelly*, 397 U.S. 254 (1970) .......... 2, 3

*Joy v. Daniels*, 479 F.2d 1236 (4th Cir. 1973) .......... 2

*Swords to Plowshares v. Smith*, 294 F. Supp.2d 1067, 1070-71 (N.D. Cal. 2002) .......... *passim*

**STATE DECISIONS**

*Appel v. Beyer*, 39 Cal. App. 3d Supp. 7 (1974) .......... 2

*Gersten Co. v. Deloney*, 212 Cal. App. 3d 1119 (1989) .......... 1, 2

*Pheasant Hill Estates Associates v. Milovich* 33 Pa. D. & C. 4th 74, 78 (1996) .......... 1, 3

**UNITED STATES CONSTITUTION**

U.S. Const., amend V .......... 2

**CODE OF FEDERAL REGULATIONS**

24 C.F.R. § 247.4 .......... 1, 2, 4

**NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO F.R.C.P. RULE 12(c)**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 11, 2005, at 9:30 a.m. or as soon thereafter as the matter may be heard in the above-entitled court, the Honorable Martin J. Jenkins presiding, Courtroom 11 located in San Francisco at 450 Golden Gate Avenue, Defendant Robert Kemp will move the Court to dismiss all of the claims for relief of Plaintiff, Swords to Plowshares ("Landlord") pursuant to Federal Rule of Civil Procedure Rule 12(c). The Motion will be made on the grounds that Landlord's Complaint fails to plead facts sufficient to state a claim for relief.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the oral argument of counsel, and the pleadings and papers filed in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION AND SUMMARY OF MOTION**

As this Court held in the related case of *Swords to Plowshares v. Smith*, landlords who operate a federally subsidized housing complex must strictly comply with federal-eviction law. *Swords to Plowshares v. Smith*, 294 F. Supp.2d 1067, 1070-71 (N.D. Cal. 2002), citing 24 C.F.R. § 247.4; *accord Gersten Co. v. Deloney*, 212 Cal.App.3d 1119, 1125 (1989). To provide sufficient notice federal law "specifically dictates that '[a] landlord's determination to terminate the tenancy shall be in writing and shall … state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense….'" *Swords to Plowshares*, 294 F. Supp.2d at 1072, quoting 24 C.F.R. § 247.4(a).

Among other things, this specificity requires a Landlord's notice to quit to specifically state: (1) the date of each incident alleged; (2) the time of each incident alleged; (3) the specific location of each incident alleged; and (4) the names of other persons involved and (5) the names of persons making complaints upon which the action is premised. *Swords to Plowshares*, 294 F. Supp.2d at 1072-73; *Pheasant Hill Estates Associates v. Milovich* (1996) 33 Pa. D. & C.4th 74, 78.

Defendant Robert Kemp moves here for judgment on the pleadings because Landlord's notice to quit is facially deficient due to its vagueness and failure to state the grounds for the termination of his tenancy with any specificity. The notice is completely devoid of the time, place, location, witnesses involved in any of the alleged events — and even the specific number of incidents — that constitute the grounds for termination. Landlord cannot cure this deficiency since it occurred in the notice. *Id*. at 1073. Thus, the Complaint against Mr. Kemp should be dismissed with prejudice.

## II. MR. KEMP'S MOTION SHOULD BE GRANTED

### A. LANDLORD'S NOTICE FELL FAR SHORT OF THE SPECIFICITY REQUIRED BY FEDERAL LAW

#### 1. Federal Law Requires a Notice to Quit Specifically State the "Time, Date, Location and Person Upon which [Alleged] Violation[s] Occurred"

"[B]ecause federally subsidized landlords are essentially agents or partners of the government, due process requires that they have 'good cause' to evict." *Gersten*, 212 Cal.App.3d at 1126, citing *Joy v. Daniels*, 479 F.2d 1236, 1242-43 (4th Cir. 1973); *Appel v. Beyer*, 39 Cal.App.3d Supp. 7, 18-20 (1974). Landlord operates a federally subsidized housing complex. Landlord's April 1, 2005 Complaint "Comp.", Ex "2" (last page of exhibit). As such, it must comply with federal-eviction law. *Swords to Plowshares*, 294 F. Supp.2d at 1070-71, citing 24 C.F.R. § 247.4; *Gersten*, 212 Cal.App.3d at 1125.

This federal law "dictates that '[a] landlord's determination to terminate the tenancy shall be in writing and shall … state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense….'" *Id*. at 1072, quoting 24 C.F.R. § 247.4(a). This specificity rule is rooted in constitutional Due Process[1]:

> [T]he court must resolve the issue that of whether the termination procedures complied with applicable regulations in light of ***the due process requirements*** of *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 111, 25 L.Ed.2d 287 (1970). *See id*. at 314, 90 S.Ct. 1011. Pursuant to *Goldberg*, the court determined that notice must enable tenant to prepare a defense or rebuttal evident to introduce that the hearing appearance. (*Id*. (Citing (Emphasis added.))

[1] U.S. Const., amend V.

*Swords to Plowshares*, 294 F. Supp.2d at 1072 (emphasis added), citing *Goldberg v. Kelly*, 397 U.S. 254; *Edgecomb v. Housing Auth. of the Town of Vernon*, 824 F. Supp. 312, 313 (D. Conn. 1993).

This Court, in adopting the specificity standard set forth in *Milovich*, elaborated on what constituted defective notice: "Details concerning the ***time, date, location and person upon which the violation occurred*** were not provided and, as such, the court found that 'it is clearly unreasonable to expect a person to adequately defend themselves [sic] against such bare assertions.'" *Id*. at 1072-73, quoting *Milovich*, 33 Pa.D. & C. 4th at 78 (emphasis added). While the notice to quit in the 2002 *Swords to Plowshares* case provided more detail than the one in *Milovich*, the claims were still "deficient, in that they fail[ed] to identify the alleged victim or the time or date, such details being necessary for Defendant to be put on notice of the complaint of conduct so that he might begin preparing his defense." *Id*. Thus, federal law required dismissal with prejudice.

2. Landlord's Notice to Quit Failed to State the Requisite "Time, Date, Location and Person Upon which [Alleged] Violation[s] Occurred"

The notice provided to Mr. Kemp contains much less specificity than the deficient notice provided in the previous *Swords to Plowshares* decision. Landlord's notice to quit completely omits any information relating to the time, date, location, or persons involved in the altercations that are the grounds for this action against Mr. Kemp. Additionally, in describing four of the five grounds for Mr. Kemp's dismissal, Swords' invokes the term, "repeatedly," creating the potential for a limitless number of the alleged incidents that require investigation in order for Mr. Kemp to mount a proper defense:

> 2. You have ***repeatedly*** engaged in verbal altercations with other residents.
>
> 3. You have ***repeatedly*** harassed, threatened and/or intimidated other residents.
>
> 4. You have ***repeatedly*** used derogatory, racial, and/or sexist language toward other residents.
>
> 5. You have ***repeatedly*** engaged in behavior causing noise and disturbing other residents' quiet enjoyment.

Comp, Ex. "2" (emphasis added).

The other claim in the notice, relating to a physical altercation, fails to provide the time, place, location, or other persons involved: "You engaged in physical violence against another resident resulting in injuries." *Id*. This notice falls far short of the rigid federal requirements recognized by this Court in *Swords to Plowshares*.

3. Because Landlord's Notice Was Deficient, Its Complaint Should Be Dismissed with Prejudice

Failure to provide sufficient notice in a notice to quit is a fatal defect that cannot be cured by a subsequent notice or complaint. *Swords to Plowshares*, 294 F. Supp.2d at 1073. Accordingly, Landlord's Complaint should be dismissed with prejudice. (*Id*.)

**B. DISMISSAL IS REQUIRED BECAUSE LANDLORD FAILED TO SERVE NOTICE IN THE MANNER REQUIRED BY FEDERAL LAW**

As this Court found in *Swords to Plowshares*, federal law specifically requires dual notices be served upon a tenant before he may be evicted from federal housings. *Swords to Plowshares*, 294 F. Supp.2d at 1070-71. Even the mere failure to plead such notice requires dismissal. *Id*. at 1071. Here, Landlord's Complaint pleads that federally required dual notice was not provided. Comp. ¶ 8.

In its Complaint, Landlord pleads that it provided Mr. Kemp with a ***single*** notice to quit. Comp. ¶ 8. This notice does not meet the exacting federal requirements enacted by the Department of Housing and Urban Development applying to an civil action seeking eviction of the tenant.

The operative H.U.D. regulation requires ***two*** written notices to be served upon a section-8 tenant prior to eviction:

> The notice provided for in paragraph (a) of this section shall be accomplished by: (1) Sending a letter by first class mail, properly stamped and addressed, to the tenant at his or her address at the project, with a proper return address, ***and*** (2) serving a copy of the notice on any adult person answering the door at the leased dwelling unit, or if no adult responds, by placing the notice under or through the door, if possible, or else by affixing the notice to the door. ***Service shall not be deemed effective until both notices provided for herein have been accomplished***. . . .

24 C.F.R. § 247.4(b) (emphasis added).

Landlord's Complaint pleads the existence of a single notice. Comp. ¶ 8. Section 247.4, on its face, requires ***two*** notices be completed before eviction proceedings may be initiated. Moreover, even if a single notice was sufficient, Landlord's Complaint does not describe the manner in which that notice was presented. Thus, Landlord's Complaint is doubly defective, because it offers nothing to suggest that the notice met *either* one of the federal requirements much less both. As this Court found, failure to provide the required dual notice requires dismissal. *Swords to Plowshares*, 294 F. Supp.2d at 1070-71. Accordingly, the Court should grant Mr. Kemp's Motion.

## III. CONCLUSION

As this Court found in *Swords to Plowshares*, federal law requires a landlord's notice to quit to specifically state "the time, date, location and person upon which the[alleged] violation[s] occurred." *Swords to Plowshares*, 294 F. Supp.2d at 1072-73. Here, Landlord's notice merely asserted "repeated[]" incidents warrant Mr. Kemp's eviction. This notice not only failed to comply with federal law, it was far more deficient that the notice provided in *Swords to Plowshares v. Smith*. Because such failure to provide the required notice cannot be cured, the Court should grant Mr. Kemp's Motion and dismiss Landlord's Complaint with prejudice.

Date: September 6, 2005

THELEN REID & PRIEST LLP

By s/ Chad DeVeaux
CHAD DEVEAUX
Attorneys for Defendant Robert Kemp