ROBERT A. WEIKERT, CA BAR NO. 121146
PATRICK M. RYAN, CA BAR NO. 203215
CHAD DEVEAUX, CA BAR NO. 215482
EVA CHAN, CA BAR NO. 233289
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California  94105
Telephone:    (415) 371-1200
Facsimile:    (415) 371-1211

Attorneys for Defendant ROBERT KEMP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWORDS TO PLOWSHARES,<br><br>                Plaintiff,<br><br>   v.<br><br>ROBERT KEMP,<br><br>                Defendant. | Case No.: 3:05-cv-01661-MJJ<br><br>**DEFENDANT ROBERT KEMP'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**FRCP 12(c)**<br><br>Date:         Oct. 18, 2005<br>Time:        9:30 a.m.<br>Place:       Courtroom 11, 19th Floor<br>Judge:      Hon. Martin J. Jenkins<br><br>Comp. Filed:     April 1, 2005<br>Comp. Removed: April 21, 2005<br>Trial Date:      Nov. 28, 2005 |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................... 1

II. MR. KEMP'S MOTION SHOULD BE GRANTED................................................................. 1

    A. "BECAUSE PLAINTIFF SEEKS TO EVICT DEFENDANT FROM FEDERALLY SUBSIDIZED HOUSING, PLAINTIFF MUST COMPLY WITH THE APPLICABLE FEDERAL REGULATIONS WHEN SERVING NOTICE" ................................................................................................................ 1

    B. "THE DISTINCTION [BETWEEN JUDICIAL PROCEEDINGS AND ADMINISTRATIVE HEARINGS] IS IMMATERIAL TO THE ULTIMATE DETERMINATION OF WHETHER [A] NUISANCE NOTICE PROVIDED SUFFICIENT NOTICE" ........................................................................................ 2

    C. "TO STATE A CLAIM" FOR EVICTION FROM FEDERAL HOUSING, PLAINTIFF MUST "SPECIFICALLY ALLEGE THAT IT SERVED DEFENDANT BOTH BY MAIL AND IN PERSON" ...................................... 5

III. CONCLUSION ......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL DECISIONS

*Beck v. Prupis*,
    529 U.S. 494 (2000) ................................................................................................. 3

*Edgecomb v. Housing Authority of the Town of Vernon*,
    824 F. Supp. 312 (D. Conn. 1993) ........................................................................... 2

*Swords to Plowshares v. Smith*,
    294 F. Supp.2d 1067 (N.D. Cal. 2002) ............................................................ *passim*

*United States v. Apfelbaum*,
    445 U.S. 115 (1980) ................................................................................................. 3

### STATE DECISIONS

*Pheasant Hill Estates Associates v. Milovich*,
    (1996) 33 Pa. D. & C.4th 74 ................................................................................ 2, 4

### CODE OF FEDERAL REGULATIONS

24 C.F.R.
    § 247.4 ............................................................................................................ *passim*
    § 247.6 ................................................................................................................. 1, 3

**REPLY**

**I.     INTRODUCTION**

More than three years ago, Plaintiff Swords to Plowshares ("Landlord") sought to evict Mr. Kemp and another tenant. This Court dismissed both those actions because Landlord failed to comply with the notice requirements established by Federal law to protect tenants' Due Process rights. Once again, Landlord has come before this Court having failed to provide the requisite notice. And, *once again*, Landlord has asked the Court to ignore the "plain language" of very specific Federal law. This argument was unfounded in 2002 — and it is even more unfounded now as Landlord should be acutely aware of the requirements of Federal law. Accordingly, the Court should grant Mr. Kemp's Motion.

**II.     MR. KEMP'S MOTION SHOULD BE GRANTED**

**A.    "BECAUSE PLAINTIFF SEEKS TO EVICT DEFENDANT FROM FEDERALLY SUBSIDIZED HOUSING, PLAINTIFF MUST COMPLY WITH THE APPLICABLE FEDERAL REGULATIONS WHEN SERVING NOTICE"**

Landlord's Opposition charges that "Kemp [e]rroneously [b]lurs [s]tate [l]aw [i]ssues and Federal Due Process" because, in Landlord's view "[t]he technical requirements [for evictions from federal housing] are contained in California unlawful detainer statutes." Opp. at 4:3-7. Landlord further asserts: "Defendant relies solely on federal due process requirements for termination of HUD-subsidized leaseholds. However, these due process requirements are very different than the California procedural requirements, and they are not strictly construed." *Id*. at 4:15-17. Landlord's assertions demonstrate both a fundamental miscomprehension of law and a plain disregard for this Court's 2002 Order. As this Court (like numerous other courts) specifically held, a landlord that "seeks to evict [a] [d]efendant from federally subsidized housing … must comply with the applicable federal regulations when serving notice." *Swords to Plowshares v. Smith* (N.D. Cal. 2002) 294 F. Supp.2d 1067, 1070, citing 24 C.F.R. § 247.4. California's procedural requirements are only applicable to federal evictions when state law would afford the tenant *greater* protections than Federal law. 24 C.F.R. § 247.6(c).

Landlord operates a federally subsidized housing complex. Landlord's April 1, 2005 Complaint "Comp.", Ex "2" (last page of exhibit); *Swords to Plowshares*, 294 F. Supp.2d at 1070.

"*Whenever the federal government provides monies to an organization, the organization must expect some strings to be attached.  Strict compliance with H.U.D. regulations is one of those strings*." *Pheasant Hill Estates Associates v. Milovich* (1996) 33 Pa. D. & C.4th 74,78 (emphasis added).  Thus, regardless of the procedural requirements of state law, Landlord is required to comply with Federal notice requirements.  As this Court has found, Federal law requires that a notice to quit for nuisance specifically state the "***time, date, location and person*** upon which [alleged] violation[s] [upon which Landlord premises an eviction] occurred." *Swords to Plowshares*, 294 F. Supp.2d at 1072-73, quoting *Milovich*, 33 Pa. D. & C.4th at 78 (emphasis added).  Here, Landlord's Notice to Quit plainly did not provide these requisite details.  Landlord's deficiencies are all the more inexcusable given the fact that it was put on specific notice of the stringent Due Process strictures governing federal housing in the 2002 litigation against Mr. Kemp and the *Swords to Plowshares v. Smith* case — both of which resulted in dismissals for failure to comply with Federal law.

**B.     "THE DISTINCTION [BETWEEN JUDICIAL PROCEEDINGS AND ADMINISTRATIVE HEARINGS] IS IMMATERIAL TO THE ULTIMATE DETERMINATION OF WHETHER [A] NUISANCE NOTICE PROVIDED SUFFICIENT NOTICE"**

Landlord asserts that "the differences between administrative and judicial proceedings" eviscerate the specificity requirements specifically prescribed by the Federal regulations.  Opp. at 5:8-9.  Landlord's assertion fails for three reasons.

First, Landlord's Opposition neglected to note that it made exactly this same argument in the previous *Swords to Plowshares* case,[1] and the Court correctly rejected it:

---

[1] The Court summarized Landlord's argument:

> Plaintiff argues that Defendant's reliance on cases like *Edgecomb* is misplaced because those cases involved administrative hearings where the potential for abuse of due process is greater. *See* Opposition at 7-8. Unlike in administrative hearings, according to Plaintiff, Defendant here is afforded the protections of his due process through this judicial proceeding…

*Swords to Plowshares*, 294 F. Supp.2d at 1072.

Case 3:05-cv-01661-MJJ   Document 41   Filed 10/04/05   Page 6 of 9

> Plaintiff's argument distinguishing between the notice required for administrative hearing cases from those required for trials is compelling in that Defendant will be afforded the protections of the judicial proceedings as the case progresses whereas those protections would have been less available in connection with the administrative hearing. However, ***the Court finds that the distinction is immaterial to the ultimate determination of whether the Nuisance Notice provided sufficient notice***.

*Swords to Plowshares*, 294 F. Supp.2d at 1072-73 (emphasis added). As this Court explained, the availability of subsequent discovery and trial procedure did not cure such a manifest defect: "Failure to provide the specificity required in the notice, **by itself and without regard to the subsequent procedures available to Defendant**, render the notice defective." *Id*. at 1073 (emphasis added).

Second, Landlord's tortured logic would wholly emasculate the Federal regulations. Federal tenants are no longer evicted in administrative proceedings. 24 C.F.R. § 247.6(a). Rather, Federal law specifically dictates that evictions orders may only be made through "judicial action." *Id*. Thus, the regulatory provisions dictating specific notice plainly contemplate "judicial action" not "administrative proceedings." If, as Landlord bizarrely suggests, the notice provisions could be disregarded in "judicial proceedings," they would have no applicability whatsoever because *all* evictions from federal housing are through "judicial proceedings." Landlord's reading flies in the face of "the longstanding canon of statutory construction that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous." *Beck v. Prupis*, 529 U.S. 494, 506 (2000).

Finally, Landlord's contention fails because the Court's finding in the first *Swords to Plowshares* case was consistent with another longstanding canon of statutory interpretation: "It is a well-established principle of statutory construction that absent clear evidence of a contrary legislative intention, a statute should be interpreted according to its plain language." *United States v. Apfelbaum*, 445 U.S. 115, 121 (1980). The Court premised this ruling on the plain language of the Federal law:

> Section 247.4 **specifically dictates** that "the landlord's determination to terminate the tenancy shall be in writing and shall … state the

>reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense…."

*Id*. (emphasis added), quoting 24 C.F.R. § 247.4(a). The provision contains no exceptions, limitations, or caveats.

Here, Landlord's notice plainly did not provide the "***time, date, location and person*** upon which [alleged] violation[s] occurred" as required by Federal law. *Swords to Plowshares*, 294 F. Supp.2d at 1072-73 (emphasis added). Thus, this "[f]ailure …, by itself and without regard to the subsequent procedures available to Defendant," is fatal. *Id*. at 1073. And "[a]s a result of these deficiencies, Defendant[] w[as] denied due process." *Milovich*, 33 Pa. D. & C.4th at 78. Accordingly, Landlord's assertion that it has "cured" its deficient notice fails in light of the plain language of the statute. Moreover, Landlord's supposed "delayed" notice fails in light of the Federal Government's regulatory purpose: The notice must provide sufficient detail "to enable [the tenant] *to consider whether to quit the premises or stay and defend against the allegations*." *Swords to Plowshares*, 294 F. Supp.2d at 1073 n.4 (emphasis added). Providing the H.U.D.-required notice months later, after a tenant has filed an answer, plainly does not enable a lay tenant to make an informed decision concerning "whether to quit the premises or stay and defendant against the allegations."[2]

"Plaintiff is unable to cure th[ese] deficienc[ies] since [they] occurred in the notice." *Id*. at 1073 n.4. Accordingly, "the Court [should] GRANT[] WITHOUT LEAVE TO AMEND Defendant's Motion." *Id*. (emphasis in original).

/ / / /

/ / / /

---

[2] Landlord's production of the tenant file would not have satisfied H.U.D.'s notice requirements even if the file had been contemporaneously attached to the notice to quit. Landlord's notice to quit must specifically "state the reasons for the landlord's action…." 24 C.F.R. § 247.4(a). The inch-thick tenant file provides no such specific statement. Rather, it consists primarily of loosely organized reports dating back more than four years. Even if Landlord had contemporaneously served the tenant file with its notice to quit, the file would not have enabled a lay tenant to make decision concerning "whether to quit the premises or stay and defend against the allegations."

C. **"TO STATE A CLAIM" FOR EVICTION FROM FEDERAL HOUSING, PLAINTIFF MUST "SPECIFICALLY ALLEGE THAT IT SERVED DEFENDANT BOTH BY MAIL AND IN PERSON"**

Finally, Landlord dismisses this Court's reasoning that the Federal "manner of notice" provision must be applied here by asserting that "Swords to Plowshares complied with a *more stringent* state law specifying preferred form of service…." Opp. at 13:4-5 (emphasis added). This contention is curious because Federal law specifically requires **dual** notice:

> The notice provided for in paragraph (a) of this section shall be accomplished by: (1) Sending a letter by first class mail, properly stamped and addressed, to the tenant at his or her address at the project, with a proper return address, **and** (2) serving a copy of the notice on any adult person answering the door at the leased dwelling unit, or if no adult responds, by placing the notice under or through the door, if possible, or else by affixing the notice to the door. ***Service shall not be deemed effective until both notices provided for herein have been accomplished***….

24 C.F.R. § 247.4(b) (emphasis added).

Landlord's Complaint admitted that it did not provide the required dual notice. Comp. ¶ 8. Section 247.4(b), on its face, requires **two** notices be completed before eviction proceedings may be initiated. This Court not only found that **dual** notice is required to prosecute a claim, but that Landlord must "**specifically allege**" in the Complaint that it has "served Defendant **both by mail and in person**." *Swords to Plowshares*, 294 F. Supp.2d at 1070-71 (emphasis added). Moreover, Landlord's contention that the Federal "manner of service" law can simply be disregarded would, once again, turn the rules of statutory interpretation on their heads. The law at issue plainly states that "*[s]ervice shall not be deemed effective until both notices provided for herein have been accomplished*." 24 C.F.R. § 247.4(b) (emphasis added). Failure to enforce this provision would render this clear law a nullity.

### III. CONCLUSION

With great sound and fury, Landlord claims that application of the mandatory Federal regulations would work a hardship upon it. Such pleas for sympathy are misplaced. More than three years ago this same Landlord committed nearly identical Due Process violations against Mr. Kemp and another tenant. These violations resulted in multiple dismissal orders and a published opinion. Landlord's conduct cannot *now* be dismissed as an "innocent" mistake.

1   Perhaps more importantly, since the 2002 litigation, Landlord has evicted numerous
2   tenants. Landlord's behavior here leaves one to wonder whether Landlord provided many — if not
3   all — of those tenants similarly deficient notices. The only difference between those evictions and
4   this case is the fact that Mr. Kemp was able to secure legal representation. Excusing Landlord's
5   deficient behavior here — at least the third time it has engaged in such misconduct — would only
6   encourage further blatant disregard for clearly articulated Federal law. Such flagrant disrespect for
7   law and the prior Orders of this Court should not be countenanced.

8   Date: October 4, 2005

THELEN REID & PRIEST LLP

By   s/ Chad DeVeaux
CHAD DEVEAUX
Attorneys for Defendant Robert Kemp