IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWORDS TO PLOWSHARES,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT KEMP,<br><br>    Defendant.<br>_____ / | No. C05-01661 MJJ<br><br>**ORDER GRANTING MOTION WITHOUT LEAVE TO AMEND** |

## INTRODUCTION

Before the Court is Defendant Robert Kemp's motion for judgment on the pleadings. For the following reasons, the motion is **GRANTED WITHOUT LEAVE TO AMEND**.

## FACTUAL BACKGROUND

Plaintiff is a California not-for-profit corporation. Plaintiff leases land from The Presidio Trust ("the Trust"), including the premises located at 1030 Girard Road, #219A, San Francisco, California ("the unit"). Plaintiff subleased the unit to Defendant Robert Kemp, a California resident on November 15, 2000. The unit is part of a development called the Veterans Academy, which is operated by Plaintiff.

Plaintiff filed its action for unlawful detainer against Defendant on April 1, 2005, in San Francisco Superior Court. The action was accompanied by a 60 Day Notice to Terminate Tenancy. The case was then removed to federal court under 28 U.S.C. § 1441(b). Defendant is seeking to

1  dismiss the action through a 12(c) motion for a judgment on the pleadings alleging that the
2  complaint and accompanying notice are incurably deficient.

## LEGAL STANDARD

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. *Id.* The court may consider, in addition to the face of the pleadings, exhibits attached to the pleadings. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.), cert. denied.

## ANALYSIS

Defendant moves to dismiss claiming that the Notice to Terminate Vacancy ("the notice") was insufficiently detailed to meet the statutory requirements for such notices. Because Plaintiff seeks to evict Defendant from federal subsidized housing, Plaintiff must comply with the applicable federal regulations when serving notice. *Swords To Plowshares v. Smith*, 294 F.Supp.2d 1067, N.D.Cal.,2002. Under 24 CFR § 247.4(a) ("Section 247.4(a)"), if a landlord seeks to terminate a tenancy, such a termination must "be in writing and...state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense..."

This Court held in *Swords To Plowshares* that if a tenancy is terminated based upon specific incidents violating the lease agreement, Section 247.4(a) requires that the notice of termination include details about the incidents including times, places, and alleged victims. In *Swords To Plowshares*, which involved the same plaintiff as the instant case, defendant received a tenancy termination notice based upon violations of the lease agreement. Among the violations alleged in the notice were violent incidents in which the defendant physically threatened or harassed other

1 tenants. Although the notice listed some details about these violations, the Court found that the
2 notice did not contain enough information about the incidents to meet Section 247.4(a)'s specificity
3 requirements. In particular, the Court found that to satisfy 247.4(a), the notice should have
4 contained, at a minimum, the time, date, and alleged victim to permit the defendant to know with
5 certainty the basis of the termination so that he could prepare his defense. *See Id., at 1073*.

6 In the current case, the alleged incidents listed in the notice to quit are even less detailed than
7 those in *Swords to Plowshares*. The notice to terminate tenancy in the current case reads:

> The grounds for terminating your tenancy are:
> 1. You engaged in physical violence against another resident resulting in injuries.
> 2. You have repeatedly engaged in verbal altercations with other residents.
> 3. You have repeatedly harassed, threatened, and or intimidated other residents.
> 4. You have repeatedly used derogatory, racial, and/or sexist language toward other residents.
> 5. You have repeatedly engaged in behavior causing noise and disturbing other residents' quiet enjoyment.

Without including specific details of the incidents upon which the termination is based, including the date, time, and alleged victim, Defendant would be hard pressed to prepare his defense to contest the termination. As such, the notice does not meet Section 247.4(a)'s requirements.

Plaintiff argues that even if the notice to terminate did not contain enough detail, the Defendant had actual notice of the basis of the termination because Plaintiff sent warning notices to Defendant after each of the incidents. However, these warning notices were spread out over a period of several years. At the time Defendant received his termination of tenancy notice, he would have been unable to know which of these incidents, if any at all, formed the basis of his termination of tenancy. As such, these letters were not sufficient to allow Defendant to prepare for his defense as required by 247.4(a). Additionally, Plaintiff argues that Defendant has subsequently received notice of these incidents through documents received in discovery, and is now able to prepare his defense. However, Section 247.4(a) requires notice contemporaneous with the time the action is commenced, not at a later time, through discovery.

Plaintiff is unable to cure the deficiency by amending since it occurred in the notice.

3

## CONCLUSION

For the reasons stated up, Defendant's motion for a judgment on the pleadings is **GRANTED WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

Dated: October 18, 2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE